USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/13/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHARLES B. JOHNSON, :
as Trustee of the Johnson Family Trust, and
TEMPLETON GLOBAL INCOME FUND, :

        Plaintiffs, :   Civil Action No. 22-cv-04915 (AT)
 v.
                                   :
SABA CAPITAL MANAGEMENT, L.P.,        **ORDER FOR THE PROTECTION**
SABA CAPITAL MANAGEMENT GP, LLC, :      **AND EXCHANGE OF**
SABA CAPITAL MASTER FUND, LTD.,        **CONFIDENTIAL INFORMATION**
BOAZ R. WEINSTEIN, KAREN :
CALDWELL, KETU DESAI, MARK
HAMMITT, and ANATOLY NAKUM, :

        Defendants, :
 and
                                   :
FIRST COAST RESULTS, INC.,
                                   :
        Nominal Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANALISA TORRES, United States District Judge:

        WHEREAS, the parties to the above-captioned action (the "Action") are engaged in proceedings that will include, among other things, producing documents and information;

        WHEREAS, the parties to this Action are engaged in proprietary activities, and could be jeopardized if non-public financial information, business strategies, investment or operation information or other sensitive or confidential information or documents, including trade secrets, were disclosed publicly;

        WHEREAS, the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) will protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

1

WHEREAS, this Court finds good cause for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order For The Protection And Exchange Of Confidential Information ("Order"), including, without limitation the parties, their representatives, agents, experts and consultants, all non-parties providing or receiving discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

### I. Types of Materials Which May Be Designated Confidential or Highly Confidential—Attorneys' Eyes Only

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in response to discovery requests in this litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party (the "Designating Party") as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in accordance with this Order.

2. "Confidential Information" is defined as Discovery Material that is proprietary, commercially or competitively sensitive, personal, or financial in nature (including but not limited to personal financial information; personal identification information; projections, strategies, or analyses; customer or client lists or other information; trade secrets; financial business, or marketing plans; proposed strategic transactions or business combinations; negotiations with potential investors, partners, or acquirers; confidential regulatory materials; and current pricing or cost information; profitability reports or estimates; percentage fees; design fees; royalty rates; minimum guarantee payments; sales reports and sale margins), or other information the disclosure of which would, in the good faith judgment of the Designating Party designating the

material as Confidential Information, be substantially detrimental to the conduct of that Designating Party's business or the business of any of that Designating Party's customers or clients.

      3.      "Highly Confidential—Attorneys' Eyes Only Information" is defined as Discovery Material that relates to non-public cost data, trade secrets, research, development, strategic planning, proprietary business operations, or communication with regulatory or governmental authorities which, in the good faith judgment of the Designating Party designating the material as Highly Confidential—Attorneys' Eyes Only Information, requires protection beyond that afforded to Confidential Information.

      4.      Any copies or reproductions, excerpts, summaries or other documents or media (*e.g.,* electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall also be treated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, respectively, pursuant to this Order.

## II.     Designation of Discovery Material as  Confidential or Highly Confidential—Attorneys' Eyes Only

5.      Any documents, material or information produced in discovery in this Action that are to be designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may be so designated by the Designating Party by (i) by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or (ii) furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production, or as soon thereafter as practicable, specifically identifying the documents or materials as "Confidential," or "Highly Confidential—Attorneys' Eyes Only," so long as the Designating Party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 5(i) within five (5) business days or as many days as the parties shall agree. To the extent a Designating Party makes documents available for inspection and copying at the Designating Party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

6.      In the event that a party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential or Highly Confidential—Attorneys' Eyes Only, the party shall insert the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in brackets at the beginning of the specific answer or response.

7.      Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Highly

Confidential—Attorneys' Eyes Only for a period of thirty (30) days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information contained therein. Such Confidential or Highly Confidential—Attorneys' Eyes Only Information shall be designated by page and line number.

8.  If Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, then the parties or any other persons or entities bound by this Order responsible for the disclosure shall, as soon as practicable, upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

9.  Inadvertent production of or failure to designate any information as Confidential or Highly Confidential—Attorneys' Eyes Only shall not be deemed a waiver of the Designating Party's claim of confidentiality as to such information, and the Designating Party may thereafter designate such information as Confidential or Highly Confidential—Attorneys' Eyes Only as appropriate.

### III.  Permissible Uses of Discovery Material

10.  All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the purpose of this litigation and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this Action. Nothing in this Order shall

limit or restrict a Designating Party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Action in any manner that it deems appropriate.

11. Nothing herein shall impose any restrictions on the use or disclosure by any person of documents, material or information obtained by such person independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action

12. Confidential Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

(a) The Court and Court personnel;

(b) The parties and the directors, officers, employees, general partners, and limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the preparation, litigation, or settlement of this Action;

(c) Counsel of record and any other outside counsel for the parties, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

(d) In-house counsel for any party and paralegals, clerical, and other employees assisting in-house counsel;

(e) Party deponents, current employees, officers, members, or directors of either party or their affiliates who are assisting in the conduct of this Action;

(f) Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any party to assist in the preparation, litigation, or settlement of this Action;

(g) Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

(h) Non-party deponents in this Action, and their counsel for purposes of this Action, during the depositions but not in any other circumstance including in preparing deponents for the depositions;

(i) Non-party witnesses in this Action, and their counsel for purposes of this Action, when providing testimony at a hearing or at trial, *provided however* that prior to the hearing or trial, the parties will meet and confer regarding the timing and procedure for a Designating Party to object to the use of such document or information during trial;

(j) Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and

(k) Others, if the parties to this Action so agree in writing or, for good cause shown, the Court so permits.

13. Highly Confidential—Attorneys' Eyes Only Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

(a) The Court and Court personnel;

(b) Counsel of record and any other outside counsel for the parties in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

(c) In-house counsel for any party and paralegals, clerical, and other employees assisting in-house counsel;

(d) Party deponents during the depositions but not in any other circumstance including in preparing deponents for the depositions;

(e) Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any party to assist in the preparation, litigation, or settlement of this Action;

(f) Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

(g) Non-party deponents in this Action, and their counsel for purposes of this Action, during the depositions but not in any other circumstance including in preparing deponents for the depositions;

(h) Non-party witnesses in this Action, and their counsel for purposes of this Action, when providing testimony at a hearing or at trial but not in any other

8

circumstance including in preparing to provide testimony at a hearing or at trial, *provided however* that prior to the hearing or trial, the parties will meet and confer regarding the timing and procedure for a Designating Party to object to the use of such document or information during trial;

    (i)    Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and

    (j)    Others, if the parties to this Action so agree in writing or, for good cause shown, the Court so permits.

14. Before any person described in Paragraphs 12(f), 12(h), 12(i), 12(k), 13(e), 13(g), 13(h), or 13(j) is given access to Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, the person shall review this Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to its terms and conditions. A copy of the Acknowledgement shall be retained by counsel disclosing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information until the conclusion of this Action, including all appeals. If Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is to be disclosed during a deposition, the agreement to be bound to this Order may be made on the record and under oath, rather than through execution of Exhibit A.

15. No person to whom Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is disclosed may disclose such Confidential Information or Highly Confidential—Attorneys' Eyes Only Information to any person other than those persons described in Paragraph 12 or 13 above.

16. All persons who have access to Confidential Information or Highly Confidential—Attorneys' Eyes Only Information at any time shall take all precautions necessary to prohibit access to such Confidential Information or Highly Confidential—Attorneys' Eyes Only Information other than as provided for herein.

17. Any summaries or copies of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall bear the appropriate legend set forth in Paragraph 5, 6 or 7 above, and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made.

18. In the event a party or non-party produces two or more identical copies of Discovery Material and any copy is designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" while other copies are not so designated, all such identical Discovery Material shall be treated as designated whichever of the conflicting designations affords the greatest protection *(i.e.,* either Confidential Information, or Highly Confidential—Attorneys' Eyes Only Information, as applicable). Any party identifying such inconsistent designations shall notify the Designating Party and all parties of the existence and production numbers or other identifying information of the non-designated or not properly designated copies. The Designating Party shall then promptly inform the parties as to whether the documents are to be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

19. Challenge Designations: Any party (the "Challenging Party") may challenge a designation of Discovery Material as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information at any time after the designation has been

made.  The Challenging Party may submit a challenge by providing written notice to the Designating Party that made a "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation of the reasons for the objection.  The Challenging Party and the Designating Party shall attempt to resolve in good faith any such challenge informally.  If the parties cannot resolve the challenge within fourteen (14) business days of a Challenging Party's written notice of objection, the Designating Party may file an appropriate motion requesting that the Court determine whether the disputed information should remain subject to the terms of this Order.  The Designating Party shall have the burden of showing that the Discovery Material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If a motion is filed, the disputed information shall continue to be treated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information under this Order until such time as the Court rules on the motion.  If no motion is made with regard to the designation of the disputed information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" within the time period prescribed herein (or within a different time period agreed to by the parties to this Action), the Discovery Material will no longer be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

        20. Filing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information: Whenever a party seeks to file with the Court any Discovery

Material designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, or any papers containing or revealing such information (including but not limited to any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), the filing party shall seek to file such Discovery Material under seal in compliance with any applicable federal and local rules, and the Court's Individual Rules of Practice.  Nothing in this Paragraph, however, shall preclude a party from filing information that the party itself has designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information in unredacted form.

21. Disclosure at Trial: A party's listing of any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information on an exhibit list places all parties on notice that the document may be offered at trial.  A Court ruling on the confidentiality for purposes of use at trial, including appeal, shall supersede this Order.  The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information discussed, or to be discussed, at hearings and trial.

22. Within ninety (90) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, all parties or other persons or entities bound by this Order shall use good faith reasonable efforts to either destroy any Confidential Information and Highly Confidential—Attorneys' Eyes Only Information in their possession or return such information and all copies thereof to the Designating Party.  For purposes of this Paragraph, good faith reasonable efforts to destroy or return Confidential Information or Highly Confidential—Attorneys' Eyes Only

Information need not include destroying such information residing on back-up tapes or media, email archives, or other disaster recovery systems, so long as the party who has received such Confidential Information or Highly Confidential—Attorneys Eyes Only Information maintains the confidentiality of such materials. Counsel shall certify in writing upon request of the Designating Party that all Confidential Information and Highly Confidential—Attorneys' Eyes Only Information and copies thereof have been handled in accordance with this Paragraph.

### IV. Inadvertent Disclosure of Privileged Material

23. This Order is without prejudice to any party's or non-party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, is without prejudice to any party's or non-party's right to assert that any Discovery Material is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's or non-party's right to contest such a claim of privilege or protection.

24. Pursuant to Fed. R. Evid. 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege in this case, or in any other court, legal proceeding or other respect.

25. If, in connection with this Action, a party or non-party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or

doctrine, the bank examination privilege, or any other applicable privilege, immunity, or protective doctrine ("Inadvertently Disclosed Information"), and a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving party (the "Receiving Party") shall, within five (5) business days, use good faith reasonable efforts to (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been handled in accordance with this Paragraph, (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information; and (iii) retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Order prior to receiving notice.  For purposes of this Paragraph, good faith reasonable efforts need not include returning, sequestering or destroying Inadvertently Disclosed Information residing on back-up tapes or media, email archives, or other disaster recovery systems, so long as the Receiving Party maintains the confidentiality of such Inadvertently Disclosed Information.  Nothing in this Paragraph shall be read to limit the parties' rights under Federal Rule of Civil Procedure 26(b)(5)(B).

26.     In the event of a dispute as to the basis for a Disclosing Party's claim that the documents or information contain Inadvertently Disclosed Information, the Receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement.  If the Disclosing Party and Receiving Party are unable to resolve their disagreement within fourteen (14) business days after they meet and confer regarding the disagreement, the Receiving Party shall provide to the Disclosing Party written notice of the dispute, which shall memorialize the parties' prior attempt to resolve their disagreement. Within thirty (30) days after said written notice of its disagreement, the Receiving Party

disputing the claim that Discovery Material is or contains Inadvertently Disclosed Information may request that the Court enter an order compelling production of the Discovery Material. While any such request is pending, no party shall use any purported Inadvertently Disclosed Information, or information gleaned from any purported Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except that the Receiving Party may present the purported Inadvertently Disclosed Information to the Court under seal for determination of the claim. Should a dispute arise, all parties other than the Disclosing Party may sequester the Inadvertently Disclosed Information and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

## V.     General Provisions

27.     This Order may be modified or amended by agreement of the parties with the approval of the Court. To the extent that the parties fail to agree on a modification proposed by any party, nothing contained herein shall be deemed to preclude any party from moving the Court, for good cause shown, for a ruling that modifies this Order in any respect.

28.     Notwithstanding anything contained herein to the contrary, counsel of record for the parties shall be permitted to retain copies of all court filings, transcripts, exhibits, correspondence, and work product containing or reflecting Confidential Information or Highly Confidential—Attorneys' Eyes Only Information after final termination of this Action; provided, however, that they shall treat such materials as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, as designated in this Action.

29.     This Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing

discovery potentially falling under the scope of this Order.  Nor shall this Order prevent any party or non-party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

30. This Order shall survive and continue to be binding after the conclusion of this Action.

31. Subpoenas of Information:  In the event that any party or any other persons or entities bound by this Order having possession, custody, or control of any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information receives a subpoena, request for production of documents, or other process or demand to produce such information (the "Subpoenaed Party"), such Subpoenaed Party shall promptly give written notice of the subpoena, request for production of documents, or other process or demand to counsel for the Designating Party that designated the Discovery Material as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," to the extent that such notice is not prohibited by any law, regulation or court order.  The Subpoenaed Party shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Order, and shall provide a copy of this Order to the issuing entity or individual.  The Designating Party shall bear the burden and expenses of seeking protection of the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.  If the Designating Party whose Confidential Information or Highly Confidential—Attorneys' Eyes Only Information may be affected timely seeks a protective order to prevent production of the Confidential Information or Highly Confidential—

Attorneys' Eyes Only Information, the Subpoenaed Party shall not oppose the entry of such protective order (without prejudice to the Subpoenaed Party's rights under the instant Order to challenge the propriety of the Confidential and/or Highly Confidential—Attorneys' Eyes Only designations of the information) and shall not produce any information designated in this Action as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information before a determination by the court from which the subpoena or order issued (or any other court, as may be relevant), unless the Subpoenaed Party has obtained the Designating Party's written consent.  Nothing in this Paragraph shall be construed as requiring, authorizing or encouraging a Subpoenaed Party or any other persons or entities bound by this Order to (i) challenge or appeal any order requiring production of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information covered by this Order, (ii) disobey a lawful directive from a governmental regulator, court or authority of competent jurisdiction, or (iii) subject themselves to any penalties for noncompliance with any legal process, regulatory directive, or order, or to seek any relief from this Court or any other court.

Dated: New York, New York
July 11, 2022

_____
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
scott.musoff@skadden.com

Eben P. Colby, *pro hac vice*
Christopher G. Clark
Marley Ann Brumme
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
eben.colby@skadden.com
christopher.clark@skadden.com
marley.brumme@skadden.com

*Counsel for Plaintiffs Charles B. Johnson,
as Trustee of the Johnson Family Trust, and
Templeton Global Income Fund*

_____
Michael E. Swartz
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2471
michael.swartz@srz.com

*Counsel for Defendants
Saba Capital Management, L.P.,
Saba Capital Management GP, LLC,
Saba Capital Master Fund, LTD,
and Boaz R. Weinstein*

SO ORDERED.

Dated: July 13, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge