SKADDEN, ARPS, SLATE, MEAGHER
ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001
-------
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2022

DIRECT DIAL
212-735-7852
DIRECT FAX
917-777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

August 2, 2022

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Court Judge
Daniel Patrick Moynihan Court House
500 Pearl Street
New York, New York 10007-1312

      RE: *Johnson v. Saba Capital Management, L.P.*, No. 22-cv-4915 (S.D.N.Y.)

Dear Judge Torres:

      We are writing jointly on behalf of Plaintiffs Charles B. Johnson, as Trustee of the Johnson Family Trust, and Templeton Global Income Fund, and Defendants Saba Capital Management, L.P., Saba Capital Management GP, LLC, Saba Capital Master Fund, Ltd. and Boaz R. Weinstein, to respectfully submit a proposal for the filing under seal and filing of redacted versions of the parties' expedited preliminary injunction filings. The first filing will be submitted on Thursday, August 4, 2022 as required by the Court's briefing schedule. (ECF No. 32.) All of the expedited briefing will be completed by August 19, 2022.

      The parties respectfully request that the Court permit them to provisionally file their papers, including all supporting documents, under seal until after the completion of all briefing on the motion. The parties propose to meet-and-confer and consult with the multiple non-parties who have submitted documents and deposition testimony to narrow the scope of materials that may be requested to be filed under seal. The parties propose to complete that process, and file motions to seal and accompanying publicly filed redacted versions, no later than August 26, 2022. The parties may file their papers early at their election.

      As background, this injunction action was filed on June 12, 2022. The Court entered an expedited schedule for preliminary injunction proceedings that allotted approximately four weeks to conduct and complete document discovery, party depositions, and non-party depositions. During that time, approximately ten depositions were taken and documents were produced by several parties and non-parties. Several depositions were taken just last week and

Hon. Analisa Torres
August 2, 2022
Page 2

the deposition transcripts will need to be reviewed for confidentiality designations pursuant to the protective order entered by the Court (which provides that deposition transcripts are automatically subject to confidentiality restrictions for the first 30 days). Discovery material produced by the parties and non-parties has been designated as Confidential or Attorneys' Eyes Only pursuant to the protective order entered by the Court (ECF No. 46).

The parties' proposed sealing procedure will provide the parties with an opportunity to meet and confer (with each other and the multiple non-parties) regarding the material designated as confidential and to propose redacted public filings. This consolidated sealing procedure will promote judicial efficiency and allow the parties to submit an organized set of materials for the Court to rule upon, as opposed to the parties submitting multiple seriatim sealing motions with each individual filing submitted over the next three weeks.

Other courts in this District and Circuit have entered similar protocols to promote efficiency and the conservation of public and private resources. *See, e.g.*, *U.S. Airways, Inc. v. Sabre Holdings Corp.*, No. 11-cv-02725, ECF No. 1033 (S.D.N.Y. Sept. 14, 2021); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-02542, ECF No. 1436
(S.D.N.Y. Aug. 13, 2021); *In re Payment Card Interchange Fee & Merch. Discount Antitrust Litig.*, No. 05-md-01720, ECF No. 8053 (E.D.N.Y. Dec. 4, 2020), approved via order docketed on December 4, 2020.
The parties respectfully request that the Court grant their joint request. Thank you.

GRANTED. The parties are reminded that they must sufficiently justify <u>all</u> proposed sealings and redactions, even those to which the parties agree, because "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

SO ORDERED.

Dated: August 3, 2022
      New York, New York

ANALISA TORRES
United States District Judge