UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES B. JOHNSON, as Trustee of the
Johnson Family Trust, and TEMPLETON
GLOBAL INCOME FUND,

                Plaintiffs,

-against-

SABA CAPITAL MANAGEMENT, L.P.,
SABA CAPITAL MANAGEMENT GP, LLC,
SABA CAPITAL MASTER FUND, LTD.,
BOAZ R. WEINSTEIN, KAREN
CALDWELL, KETU DESAI, MARK
HAMMITT, and ANATOLY NAKUM,

                Defendants,

and

FIRST COAST RESULTS, INC.,

                Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/14/2022_

22 Civ. 4915 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Charles B. Johnson, as Trustee of the Johnson Family Trust, and Templeton Global Income Fund seek an order directing the sealing of fifteen documents submitted by the parties in their preliminary injunction papers. Pls. Mot., ECF No. 69. The documents include:

- Exhibits 16 (in part), 17 (in part), 18 (in part), 48 (in part), 49, 50, and 51 to Scott D. Musoff's declaration in support of Plainitffs' motion for a preliminary injunction, ECF No. 55;
- Exhibits 64 (in part), 65 (in part), 68, and 69 to Musoff's supplemental declaration in support of Plaintiffs' motion for a preliminary injunction, ECF No. 67; and
- Exhibits 10, 12 (in part), 16, and 17 to Michael E. Swartz's declaration in support of Defendants Saba Capital Management, L.P., Saba Capital Management GP, LLC, Saba Capital Master Fund, Ltd., Boaz R. Weinstein, Karen Caldwell, Ketu Desai, Mark Hammitt, and Anatoly Nakum's opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 64.

Pls. Mot. at 2. Plaintiffs request that, should the Court deny their motion to seal, Plaintiff Templeton Global Income Fund ("GIM") be given "an opportunity to propose revised redactions to the documents." *Id.* at 3.

Defendants object to Plaintiffs' motion in part, arguing that only five of the fifteen exhibits are at issue. Defs. Opp., ECF No. 86. Defendants contend that although Defendants' exhibits 10, 12, 16, and 17 and Plaintiffs' exhibit 48 should be filed in their entirety, Defendants do not oppose the partial redaction of Defendants' exhibits 10, 16, and 48 to remove references to other funds. *Id.* at 1, 4; *see also* ECF No. 87 (proposing redactions to Defendants' exhibits 10, 16, and 48).

For the reasons stated below, Plaintiffs' motion is DENIED.

I. Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial document[s]" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). Moreover, the "relevance" of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id.* Furthermore, the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion. *Id.* at 50.

After finding that documents are judicial documents to which the common law

presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of factshowing [sic] that disclosure would result in an injury sufficiently serious to warrant protection." *Wells Fargo Bank N.A.*, 2015 WL 3999074, at *4 (citation omitted). Additionally, the interests in favor of non-disclosure can include "the danger of impairing law enforcement or judicial efficiency," "the privacy interests of those resisting disclosure," *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted), and concerns for witness safety, *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017). Moreover, "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

II.   Application

Plaintiffs concede that the fifteen documents they request to file under seal are judicial documents. Pls. Mot. at 2–3; *see Sylvania v. Ledvance LLC*, No. 20 Civ. 9858, 2021 WL 412241, at *1 (S.D.N.Y. Feb. 5, 2021) (concluding that a memorandum in support of a motion for a

3

preliminary injunction and exhibits accompanying declarations supporting the motion were "plainly judicial documents"). They argue, however, that "[t]he balance of the factors ['that legitimately counsel against disclosure'] favors sealing the [e]xhibits and portions of [e]xhibits at issue here." *Id.* at 2 (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)). In particular, Plaintiffs claim that:

- Plaintiffs' exhibits 68 and 69 and Defendants' exhibits 10 and 17 "are internal GIM communications and internal GIM Board meeting minutes and materials," Pls. Mot. at 2;
- Plaintiffs' exhibits 48, 49, 50, and 51 and Defendants' exhibit 16 "are communications or non-public contracts between GIM and entities that are not parties to this litigation," *id.* at 2–3;
- Plaintiffs' exhibits 16, 18, and 64 and Defendants' exhibit 12 "are excerpts from the depositions of Franklin Templeton personnel," *id.* at 3; and
- Plaintiffs' exhibits 17 and 65 "are excerpts from the deposition of a non-party," *id.*

Plaintiffs argue that "[t]hese exhibits reflect GIM's proprietary internal business strategies, analyses, impressions, and concerns on sensitive topics that remain confidential, including, for example negotiations of agreements, contracts with non-parties, and Board meeting minutes and materials." *Id.* They add, "[t]here is no material benefit to the Court in these documents being made public and no prejudice to . . . Defendants or to the public if these documents remain sealed." *Id.* Defendants, on the other hand, claim that Plaintiffs have "fail[ed] to justify the continued sealing" of Defendants' exhibits 10, 12, 16, and 17 and Plaintiffs' exhibit 48. Defs. Opp. at 1–2.

The Court concludes that Plaintiffs have not met their burden to warrant sealing of the fifteen documents submitted by the parties in their preliminary injunction papers. Plaintiffs have made no effort to present a "narrowly tailored" sealing request. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, No. 21 Civ. 207, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021) (quoting *Lugosch*, 435 F.3d at 120). Plaintiffs rely on "conclusory statements that documents contain confidential business information," which are insufficient to justify sealing. *Wells Fargo*

4

*Bank N.A.*, 2015 WL 3999074, at *4. In addition, although some information about non-parties is "traditionally considered private" and "merit[s] redaction," *Kim v. BTG Pactual Asset Mgmt. US, LLC*, No. 22 Civ. 3547, 2022 WL 4115955, at *2 (S.D.N.Y. Sept. 9, 2022), Plaintiffs offer no explanation as to why some material involving non-parties should remain sealed. *See* Pls. Mot. at 2–3 (discussing Plaintiffs' exhibits 17, 48–51, 65 and Defendants' exhibit 16).[1] Accordingly, Plaintiffs' request to seal the fifteen documents is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED. By **October 28, 2022**, Plaintiffs may (1) propose narrowly tailored redactions to the fifteen exhibits and (2) provide a detailed explanation justifying each of their proposed redactions.

The Clerk of Court is directed to terminate the motion at ECF No. 69.

SO ORDERED.

Dated: October 14, 2022
New York, New York

ANALISA TORRES
United States District Judge

---

[1] Defendants argue that some of the materials Plaintiffs request remain sealed has already been publicly disclosed. Defs. Opp. at 3 (discussing Defendants' exhibits 12 and 16 and Plaintiffs' exhibit 48). Courts consider whether materials sought to be kept under seal have already been publicized, as that weighs against sealing such materials. *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 373, 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).