UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES B. JOHNSON, as Trustee of the
Johnson Family Trust, and TEMPLETON
GLOBAL INCOME FUND,

                     Plaintiffs,

-against-

SABA CAPITAL MANAGEMENT, L.P.,
SABA CAPITAL MANAGEMENT GP, LLC,
SABA CAPITAL MASTER FUND, LTD.,
BOAZ R. WEINSTEIN, KAREN
CALDWELL, KETU DESAI, MARK
HAMMITT, and ANATOLY NAKUM,

                     Defendants,

and

FIRST COAST RESULTS, INC.,

                     Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/12/2022_

22 Civ. 4915 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' letters dated October 28, 2022, and November 16, 2022. ECF Nos. 99–100, 105. On October 28, 2022, Plaintiffs filed a letter motion to seal three of the fifteen exhibits discussed in the Court's October 14, 2022 order (the "October 14 Order"), ECF No. 90.[1] ECF No. 99. In particular, Plaintiffs seek an order directing the partial sealing of three documents submitted by the parties in their preliminary injunction papers: (1) exhibit 68 to Scott D. Musoff's declaration in support of Plaintiffs' motion for a preliminary injunction, ECF No. 55; (2) exhibit 69 to Musoff's supplemental declaration in support of Plaintiffs' motion for a preliminary injunction, ECF No. 67; and (3) exhibit 17 to Michael E. Swartz's declaration in support of Defendants' opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 64 (together, the "Exhibits"). ECF No. 99. Defendants "do not object to Plaintiffs' request to seal portions of th[e] [E]xhibits." ECF No. 105.

       The Court concludes that Plaintiffs have met their burden to establish that sealing of the Exhibits is warranted. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Plaintiffs argue that the Exhibits "are non-public board materials . . . [that] contain confidential, non-public information about Plaintiffs' business strategy and management." ECF No. 99 at 1.

---

[1] In the October 14 Order, the Court denied Plaintiffs' request to seal fifteen documents submitted by the parties in their preliminary injunction papers, but allowed Plaintiffs to propose narrowly tailored redactions to the fifteen exhibits and provide a detailed explanation justifying each of their proposed redactions by October 28, 2022. ECF No. 90.

Plaintiffs state that their proposed redactions are "narrowly tailored" because they "permit the public disclosure of all of the portions relied on by the parties in the briefing, but seek to protect Plaintiffs' confidential business strategy with respect to potential merger candidates, discussions of compliance matters and potential policy and procedures, and internal analyses of financial performance." *Id.*

Plainitffs' proposed redactions of portions of the judicial documents, which contain confidential business information, are narrowly tailored and do not bear on the parties' dispute. *SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14 Civ. 2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014).

Accordingly, Plaintiffs' motion to seal the Exhibits is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 99.

SO ORDERED.

Dated: December 12, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge