UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES B. JOHNSON, as Trustee of the
Johnson Family Trust, and TEMPLETON
GLOBAL INCOME FUND,

        Plaintiffs,

-against-

SABA CAPITAL MANAGEMENT, L.P.,
SABA CAPITAL MANAGEMENT GP, LLC,
SABA CAPITAL MASTER FUND, LTD.,
BOAZ R. WEINSTEIN, KAREN
CALDWELL, KETU DESAI, MARK
HAMMITT, and ANATOLY NAKUM,

        Defendants,

and

FIRST COAST RESULTS, INC.,

        Nominal Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/1/2023
```

22 Civ. 4915 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' letters dated January 31 and February 1, 2023. ECF Nos. 118–19. On January 31, 2023, the Court issued an order denying Plaintiffs' motion for a preliminary injunction (the "Order"). ECF No. 117. Plaintiffs request that the Court, "on an emergency basis, enter an interim stay of the effect of th[e] . . . Order . . . until the parties can brief in this Court, or the Second Circuit . . . a motion for stay pending an appeal taken pursuant to 28 U.S.C. § 1291(a)(1)." ECF No. 118 at 1.[1] Plaintiffs state that, "[a]bsent an interim stay, the parties will not have adequate time to brief—and this Court will not have adequate time to consider—a motion for stay pending appeal prior to a change in control of the [Templeton Global Income F]und that would deprive Plaintiffs of the ability for the Second Circuit to grant meaningful relief if Plaintiffs prevail on appeal." *Id.* at 2. Defendants oppose Plaintiffs' request, arguing, *inter alia*, that "Plaintiffs have articulated no basis for a stay," that Plaintiffs' "request is effectively an improper motion for reconsideration," and that "Plaintiffs are improperly attempting to re-trade the status quo stipulation to which they knowingly agreed." ECF No. 119 at 1–2. Plaintiffs have not filed a notice of appeal.

    Plaintiffs' request for a temporary stay of the effect of the Order pending briefing on their motion for stay pending an appeal is DENIED. Plaintiffs' "emergency" application is one of

---

[1] On June 17, 2022, the parties stipulated that certification of the June 6, 2022 shareholder vote would not occur "until one business day after the Court's ruling on . . . Plaintiffs' motion for [a] preliminary injunction." ECF No. 32 ¶¶ A(1)–(2).

their own creation, *supra* note 1, and is not supported by any evidence, *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 650, 651 (S.D.N.Y. 2014).  In addition, Plaintiffs' arguments concerning the certification of the June 6, 2022 shareholder vote are the same arguments that the Court already rejected in the Order.  The Court shall permit the motion, but not on an emergency basis.  Accordingly, Plaintiffs shall file their brief by **February 6, 2023**, Defendants shall file their opposition by **February 13, 2023**, and Plaintiffs shall file their reply, if any, by **February 21, 2023**.  Should the parties agree to a different briefing schedule, they shall file a joint letter setting forth their proposed dates.

      SO ORDERED.

Dated: February 1, 2023
      New York, New York

                                                ANALISA TORRES
                                          United States District Judge